IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL J.B. MONTOYA,
HAYDAR AL-ASSADI, and
ARES BROWN,

       Plaintiffs,

v.                                                                 No. 1:22-CV-00265 KG/JHR

NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

       Defendant.

**ORDER GRANTING AMENDED MOTION TO WITHDRAW AS COUNSEL**

Plaintiffs' Attorney Shavon M. Ayala filed an *Amended Motion to Withdraw as Counsel* seeking to withdraw from representation of Haydar Al-Assadi.[1] [Doc. 34]. Ayala says that Al-Assadi has absconded from parole supervision by the New Mexico Corrections Department and has not communicated with counsel nor provided a current contact address. *Id.* at 1. Without Al-Assadi's participation, counsel represents that she cannot function as his attorney and so asks to withdraw. *Id.* at 1–2. Counsel sent written notice of the motion to Al-Assadi's last known address without response. *Id.* at 2.

Counsel provided written notice to Al-Assadi of the right to object to withdrawal and that failure to object would constitute consent to the motion. *Id.* Counsel assumes, without communication to the contrary, that Al-Assadi objects to withdrawal. *Id.* at 1–2.

Defendants filed a written response in opposition to Ayala's withdrawal. [Doc. 35]. First, Defendants note that the motion can be summarily denied for failure to determine in

---

[1] Attorney Ayala also represents plaintiffs Ares Brown and Gabriel Montoya. The motion also sought to withdraw from representation of Montoya, [Doc. 23, p. 2], but counsel appears to have withdrawn that request as Montoya has reestablished contact and updated his contract with counsel. [Doc. 36, p. 1].

1

advance whether it would be opposed. *Id.* at 1 (citing D.N.M. LR-Civ. 7.1(a)). Second, Defendants argue there is no conflict of interest, a common ground for withdrawal, and assert that there has been no breakdown of communication that would prevent an adequate defense, discounting the communication problems cited in Ayala's motion. *Id.* at 2. Finally, Defendants oppose withdrawal because it would delay a case that has already been delayed nearly a year without even a scheduling order to start discovery, and argue that further delay will prejudice Defendants:

> If Plaintiff's counsel is allowed to withdraw from representation of [Al-Assadi] at this time, another six months will pass allowing them time to retain counsel. This will result in further delay and disruption of the case. The more time goes by, the more difficult it will be to find witnesses or for witnesses to clearly recall the incidents complained of in the First Amended Complaint.

*Id.* at 3.

Attorney Ayala responded that there was a telephonic discussion of the motion, though did not state whether that discussion took place before or after it was filed. [Doc. 36, p. 1]. Ayala equates Al-Assadi's absconding without further contact as the kind of complete lack of communication that justifies withdrawal. *Id.* at 2. Ayala speculates that "Al-Assadi might have gone back to his home country of Iraq" and that therefore Defendants would not be prejudiced (*id.*), presumably because Al-Assadi's case could not go forward and would suffer eventual dismissal.

**ISSUES**

1. As a matter of law, should a Court allow withdrawal of counsel because a client has ceased communication and contact with the attorney and is not otherwise participating in the case?

2. If so, under the circumstances of this case, should the Court allow attorney Ayala to withdraw from representation of plaintiff Al-Assadi?

## APPLICABLE LAW

Once litigation has commenced, an attorney for a party generally may withdraw from the representation only upon showing good cause as well as reasonable notice to the client. *See Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989), (citing *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987)). Upon a proper showing, the trial court has wide discretion to grant or deny withdrawal. Abell v. Babbitt, No. 98-2315, 1999 WL 215403, *2 (10th Cir. April 14, 1999) (unpublished) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Court discretion to deny withdrawal may be limited in exceptionally meritorious instances. *United States v. Cole*, 988 F.2d 681, 681 (7th Cir. 1993) (discretion to deny unless "there is a demonstrated conflict of interest or counsel and defendants are so embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense.").

The court's finding of good cause for withdrawal is guided by applicable rules of professional conduct, generally those of the home jurisdiction as well as the Model Code promulgated by the American Bar Association. *See, e.g.*, *Hakim v. Leonhardt*, 126 F.App'x 25, 26 (2d Cir. 2005). New Mexico's Rules of Professional Conduct identify instances where permissive withdrawal may be appropriate, including where: "the representation . . . has been rendered unreasonably difficult by the client; or . . . other good cause for withdrawal exists." N.M. Rules Ann. 16-116(B)(6), (7).

Countervailing principles may discourage permissive withdrawal even where good cause is shown. Federal courts have considered such factors as:

> (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.

*White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citations omitted); *see, e.g.*, *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981) (concern for disruption of case progress preventing withdrawal).

## ANALYSIS

Plaintiff Al-Assadi is one of three plaintiffs alleging that their constitutional rights under the Eighth Amendment were violated by corrections officers at the Reception Diagnostic and Classification Unit of the Central New Mexico Correctional Facility. [Doc. 13, pp. 2, 39–42]. Plaintiff Al-Assadi alleges that he was the victim of a physical attack by defendant Isaiah Montano that culminated in Montano choking Al-Assadi until other unnamed correctional officers forced Montano to relent. *Id.* at 38. Afterward, Al-Assadi was warned or threatened not to file a grievance by an unnamed correctional officer. Al-Assadi claims that the attack caused physical injury and aggravated pre-existing mental health issues. *Id.* at 39. The complaint does not say that either of the co-plaintiffs were involved in or witnessed the events involving Al-Assadi. Defense counsel asserts that Al-Assadi has been released from prison but has absconded from parole, leaving no current address and cutting off all communication with counsel. [Doc. 34, pp. 1–2; Doc. 36, p. 2].

It appears that Al-Assadi's case cannot go forward in his absence. No witnesses to the alleged events are identified other than Al-Assadi and the alleged perpetrator, defendant Isaiah Montano, who could not be anticipated to support Al-Assadi's claims. To the extent that other correctional officers are alleged to have intervened, there is no indication whether they would

4

support or contest Al-Assadi's version, except that Al-Assadi alleges that an unnamed officer warned him not to file a grievance.  Finally, important evidence of his damages, if any, can come from no one but Al-Assadi, including resulting pain & suffering and his subjective mental status before and after the event.

Under such circumstances, and where Al-Assadi has absconded from parole supervision and is motivated to remain undiscovered, representation has been made unreasonably difficult by the client, satisfying one of the types of good cause for permissive withdrawal.  N.M. Rules Ann. 16-116(B)(6).  Whether withdrawal should be allowed, however, requires additional consideration.

Defendants' primary objection to withdrawal is that it would disrupt and delay the progress of the case, which Defendants say is to their prejudice.  The Court is not convinced that withdrawal would be the cause of prejudicial delay; the obstacle to preparation of Al-Assadi's case is his own voluntary and continuing absence, rendering counsel's efforts to prosecute his claims unreasonably difficult or impossible.  Were the Court to deny withdrawal, it appears that Al-Assadi is most likely to continue to be absent.  Under those circumstances, defense counsel's duty to attempt to preserve Al-Assadi's claims may actually justify delay rather than avoid it.

Considering the administration of justice, it is apparent that Al-Assadi's absence is a threat to the viability of his claims.  To allow withdrawal of counsel leaves him afloat as other plaintiffs and the defendants develop their cases through discovery and motions practice and prepare for trial if ultimately needed.  But his situation is little better if withdrawal of counsel is denied, as the primary and essential witness for much of his case will still be absent.  The Court anticipates that at some point before trial, with Al-Assadi's continued absence, it is likely that his claims will be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Although such a

dismissal generally "operates as an adjudication on the merits," circumstances at that time may justify an order to the contrary; for example, perhaps the Court would be made aware of facts indicating that Al-Assadi's absence was or had become involuntary. *See id.* In any event, either of those results is more compatible with the fair administration of justice than to pretend that counsel could successfully prosecute Al-Assadi's claims in his absence.

## CONCLUSION & ORDER

For the reasons stated, I find that there is good cause to grant withdrawal of counsel for Plaintiff Haydar Al-Assadi, not outweighed by other considerations, and the motion should be granted. Therefore, representation of Haydar Al-Assadi by Plaintiffs' counsel of record is terminated and Haydar Al-Assadi shall be considered to be acting pro se. Plaintiff's counsel is ordered to attempt to give reasonable notice of this order to Al-Assadi using any available contact information and to file a certificate to that effect within fifteen days of this order.

IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE