IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL J.B. MONTOYA,
HAYDAR AL-ASSADI,
AND ARES BROWN,

    Plaintiffs,

v.                                                                                  Case No. 22-CV-0265 KG/JHR

ALISHA TAFOYA LUCERO, et al.,

    Defendants.

ORDER OF DISMISSAL

    This matter is before the Court on Defendants Motion to Dismiss, (Doc. 76), and the Court's Order to Show Cause, (Doc. 84). On August 3, 2023, Defendants filed a Motion to Dismiss the Claims of Plaintiff Haydar Al-Assadi, ("Motion to Dismiss"), and no response has been filed. On December 1, 2023, the Court, *sua sponte*, entered an Order to Show Cause why this litigation, as it relates to Plaintiff Al-Assadi, should not be dismissed for failure to prosecute. The Court ordered Plaintiff Al-Assadi respond no later than December 15, 2023, but he has failed to do so. Because Plaintiff Al-Assadi has not responded, the Court finds he manifestly lacks interest in litigating his claims. Thus, the Court hereby grants Defendants' Motion to Dismiss the Claims of Plaintiff Haydar Al-Assadi without prejudice.

    The Court has the inherent power to impose a variety of sanctions on litigants to regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). Those sanctions include the Court's ability to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642–43 (1976); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–302 (1962); *see also Costello v. United*

*States,* 365 U.S. 265, 286–87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules").  Moreover, "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).

As discussed in the Court's Order to Show Cause, (Doc. 84), Plaintiff Al-Assadi has not communicated with the parties or the Court for the past eight months.  Because of his failure to respond to discovery requests, motions, and Court orders, dismissal is appropriate.  Additionally, since Plaintiff Al-Assadi failed to respond to Defendants Motion to Dismiss, he effectively consents to granting the Motion.

Defendants requested the Court dismiss Plaintiff Al-Assadi's claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 76) at 3.  To dismiss a case with prejudice, the Tenth Circuit considers five factors, known as the *Ehrenhaus* factors.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).  The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser actions.  *Ehrenhaus*, 965 F.2d 921.  Considering the *Ehrenhaus* factors and noting Defendants lack of supporting argument, the Court determines the factors do not weigh in favor of dismissal with prejudice.

For these reasons, the Court grants Defendants' Motion to Dismiss the Claims of Plaintiff

Al-Assadi without prejudice.

    IT IS SO ORDERED.

                                                        UNITED STATES DISTRICT JUDGE