IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL J.B. MONTOYA,
and ARES BROWN,

    Plaintiffs,

v.                                      Case No. 22-CV-00265 KG/JHR

ALISHA TAFOYA LUCERO, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Enlargement of Time to Amend Pleadings, (Doc. 55), Second Motion for Enlargement of Time, (Doc 59), and Second Motion to Amend Complaint, (Doc. 80). Having considered the Motions, the relevant briefing, and procedural history of this case, the Court grants the above-named Motions.

I.    *Background*

Plaintiffs filed their initial complaint on April 8, 2022. (Doc. 1). Plaintiffs subsequently amended their Complaint on July 15, 2022. (Doc. 13). The Complaint and the Amended Complaint were filed by then counsel, Anthony Ayala. In September 2022, Anthony Ayala was disbarred and current counsel, Shavon Ayala, was substituted. (Doc. 25).

The Scheduling Order, (Doc. 45), set the deadline for Plaintiffs to move to amend pleadings by May 15, 2023, and Plaintiffs' Rule 26(a)(2) expert disclosures by June 25, 2023. On April 25, 2023, Plaintiffs filed their Motion for Enlargement of Time to Amend Pleadings (First Motion to Extend). (Doc. 55). In their First Motion to Extend, Plaintiffs requested the deadline to amend pleadings be extended, explaining there were deficiencies in Defendants' discovery responses, and without the requested information Plaintiffs would not be able to

comply with the deadline. *Id.* Defendants opposed the First Motion to Extend but did not file a response.

Plaintiffs filed their Second Motion for Enlargement of Time (Second Motion to Extend), (Doc. 59), on June 25, 2023, this time requesting the Court extend the deadline for expert disclosures. Plaintiffs also requested "each and every other required notice requirement set in the Scheduling Order" be extended. (Doc. 59). Plaintiffs again rely on Defendants' deficiencies and discovery objections as support. *Id.* Defendants opposed the Second Motion to Extend and timely responded arguing Plaintiffs failed to demonstrate good cause, or alternatively, excusable neglect. (Doc. 64).

After the Second Motion to Extend was filed, Defendants filed a Motion for Summary Judgment, now fully briefed, on June 27, 2023, (Doc. 61), and on August 10, 2023, filed an opposed Motion to Stay All Litigation pending its resolution. (Doc. 79). On August 11, 2023, Plaintiffs submitted their Second Motion to Amend Complaint (Second Motion to Amend). (Doc. 80). Defendants did not file a response. The case was stayed on August 28, 2023. (Doc. 83).

II. *Legal Standard*

Federal Rule of Civil Procedure 16(b)(4) allows modification of a scheduling order only for good cause and with the judge's consent. "[T]rial courts have considerable discretion in determining what kind of showing satisfies this…good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation omitted). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). "[G]ood cause is likely to be found when the moving party has been generally

diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone*, 942 F.3d at 988 (citation omitted). Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. *Strope v. Collins*, 315 Fed.Appx. 57, 61 (10th Cir. 2009) (unpublished) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2018)).

III. *Analysis*

A. *Plaintiffs' Motion for Enlargement of Time to Amend Pleadings*

The Court grants Plaintiffs' First Motion to Extend, (Doc. 55), for two reasons. First, Defendants did not respond to Plaintiffs' motion, effectively consenting to granting the First Motion to Extend.[1] Second, Plaintiffs have demonstrated good cause to request an extension of time. At the time Plaintiffs filed the First Motion to Extend, they anticipated new information following discovery, but the parties disagreed on discovery requests. *Id.* Plaintiffs explained in their First Motion to Extend, they would not be able to comply with the May 15, 2023, deadline due to discovery issues and undisclosed information necessary to amend the Complaint.[2] *Id.* Plaintiffs also noted Defendants' supplemental productions were unresponsive to their discovery requests, constituting an adequate explanation for delay. Because Plaintiffs requested an extension of time twenty days before the deadline and shortly after discovery issues became clear, the Court determines Plaintiffs acted diligently. For these reasons, the Court grants

---

[1] The District of New Mexico Local Rules of Civil Procedure mandate that a party must file a response to a motion "within fourteen (14) calendar days." D.N.M.LR-Civ. 7.4(a). Failure to file and serve a response in opposition constitutes consent to grant the motion. D.N.M.LR- Civ. 7.1(b).

[2] The Court notes there is currently a pending Motion to Compel discovery filed by Plaintiffs on July 14, 2023, and refiled on August 9, 2023.

Plaintiffs' First Motion to Extend.

### B. Plaintiffs' Second Motion for Enlargement of Time

Defendants argue because Plaintiffs submitted their Second Motion to Extend on the day of the deadline, the Court should deem it tardy and require Plaintiffs demonstrate excusable neglect. (Doc. 64). "When an act may or must be done within a specified time, the court may, for good cause, extend the time…if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). According to the Tenth Circuit, "[t]his rule should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Because Plaintiffs filed their Second Motion to Extend by the deadline— not after—the Court concludes it was timely filed. Thus, the Court will require Plaintiffs need only demonstrate good cause to extend the scheduling order deadlines.

Next, Defendants argue Plaintiffs have not shown good cause because the filing of their Motion to Compel was untimely. (Doc. 64). The Court disagrees and concludes Plaintiffs have demonstrated good cause for the extension.[3] Based on past filings, the Court finds Plaintiffs have been generally diligent in meeting discovery deadlines and requesting extensions. (Docs. 45–55). Although using experts may be foreseeable as in every case, the issues which need expert attention may not be apparent until certain information is disclosed. Further, the risk of unfairness to Plaintiffs by not having an expert is significant. Without an expert to dispute potential issues, Plaintiffs would risk losing most or all claims solely as the result of a procedural error. *See Lay v. Wal-Mart Stores East, L.P.*, 2020 WL 6709541, at *2, 8–10 (D.N.M.) (granting

---

[3] Based on the briefing, it appears there was miscommunication as it relates to a phone call between parties. Without evidence of a follow up email for clarification, the court is unable to ascertain when the twenty-one-day period began. *See Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 2020 WL 435430 at *2, (D.N.M.).

4

an extension for expert disclosures two months after the deadline because plaintiff was generally diligent in meeting discovery deadlines, an expert issue was only apparent after records were produced, and the risk of unfairness was significant). The Court concludes Plaintiffs have shown good cause to extend the deadline for expert disclosures and grants their Second Motion to Extend.

### C. Plaintiffs' Second Motion to Amend Complaint

Plaintiffs submitted their Second Motion to Amend on August 11, 2023. (Doc. 80). They explained previous counsel (1) failed to properly name New Mexico Department of Corrections as a Defendant as it relates to their claims for violations of the Americans with Disabilities Act and Rehabilitation Act, and (2) did not clarify allegations relating to those claims. *Id.* In their second amended Complaint, Plaintiffs seek to correct previous counsels' failures. *Id.* Defendants oppose the motion; however, they did not respond. *Id.*

Once a party has amended a pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. Civ. P. 15(a)(2). The Court should freely give leave when justice so requires. *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended

5

claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

The Court concludes justice requires granting Plaintiffs leave to amend their Complaint. First, Defendants did not file a response to Plaintiffs' Second Motion to Amend, effectively consenting to granting the motion. Second, Defendants do not argue, and the Court does not find, a showing of undue delay, bad faith, or futility of amendment. It appears previous counsel (now disbarred) failed to cure deficiencies in Plaintiffs first amended Complaint. Yet, justice requires allowing Plaintiffs, though their new counsel, the opportunity to cure deficiencies in a second amended Complaint. Finally, because the amended claims do not raise significant new factual allegations, the Court does not find undue prejudice to the opposing party. For these reasons, the Court grants Plaintiffs' Second Motion to Amend and accepts the attached Second Amended Complaint. (Doc. 80) at 5–55.

*IV.     Conclusion*

In light of the contorted procedural history of the case, the Court deems it necessary to remind counsel of the importance of meeting deadlines. Following this Memorandum Opinion and Order, the Court may be hard pressed to grant additional extensions. The Court grants Plaintiffs' First Motion to Extend, (Doc. 55), Second Motion to Extend, (Doc. 59), and Second Motion to Amend, (Doc. 80).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE