IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL J.B. MONTOYA,
and ARES BROWN,

    Plaintiffs,

v.                                        Case No. 22-CV-00265 KG/JHR

NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Third Motion to Amend Complaint, (Doc. 113), filed May 23, 2024, and Motion to Stay, (Doc. 118), filed June 7, 2024. Defendants filed timely responses to both Motions. *See* (Docs. 117, 121, 124, 127). Having considered the Motions, the relevant briefing, and procedural history of this case, the Court denies the above-named Motions.

*I.  Background*

Plaintiffs filed their initial complaint on April 8, 2022. (Doc. 1). Plaintiffs subsequently amended their Complaint on July 15, 2022. (Doc. 13). On August 11, 2023, Plaintiffs submitted their Second Motion to Amend Complaint (Second Motion to Amend). The case was stayed on August 28, 2023, pending the outcome of Defendants' Motion for Summary Judgment. (Doc. 83).

On January 25, 2024, this Court granted Plaintiffs' Second Motion to Amend and denied Defendants' Motion for Summary Judgment. (Docs. 87, 91). The stay was subsequently lifted

on February 9, 2024. (Doc. 92). Now, Plaintiffs ask this Court to allow a third amendment to their Complaint and stay the case pending the Court's decision.

## II. Legal Standard

Once a party has amended a pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. Civ. P. 15(a)(2). The Court should freely give leave when justice so requires. *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). A district court may "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target…." *Minter*, 451 F.3d at 1206 (citation omitted).

## III. Analysis

Plaintiffs submitted their Third Motion to Amend on May 23, 2024. (Doc. 113). Plaintiffs state the Third Amended Complaint will substitute John Doe Defendants with the names of the Correction Officers involved in the case and clarify facts in Mr. Brown's case. (Doc. 113) at 2. Plaintiffs argue Defendants will not suffer undue prejudice and that the amendment is not futile. *Id.* In Response, Defendants argue undue delay, untimeliness, and noncompliance with Federal Rule of Civil Procedure 8(a)(2). (Doc. 117) at 6-9. In their Reply, Plaintiffs argue they did not cause undue delay, and in the alternative, there is an adequate

explanation for the delay. (Doc. 123) at 3-4. Plaintiffs also contend that Defendants will not be unduly prejudiced by the amendment. *Id.* The Court disagrees for two reasons.

First, the Court determines Plaintiffs caused undue delay in submitting their Third Motion to Amend despite the previous stay. Both parties admit Plaintiffs acquired the Serious Incident Report, which identified the John Doe defendants, on April 21, 2023. (Doc. 123) at 2-3, (Doc. 117) at 6. The stay was not granted until August 28, 2023. (Doc. 89). Even finding those four months did not cause undue delay, the stay was lifted on February 9, 2024, and Plaintiffs waited until May 23, 2024, to submit their Third Motion to Amend. (Docs. 92, 113). In total, Plaintiffs waited six months to submit their Third Motion to Amend after receiving the necessary information.

Plaintiffs argue that the August 28, 2023, stay provides adequate explanation for the delay. The Court, however, disagrees. As discussed above, Plaintiffs waited six months outside of the stay while they possessed the necessary information to file their Third Motion to Amend. *See Myers v. Alliance for Affordable Servs.*, 371 Fed. Appx. 950, 960 (10th Cir. 2010) (unpublished) (holding a delay of six months between discovering new information and moving to amend was untimely). Thus, the Court concludes Plaintiffs' Third Motion to Amend was untimely and caused undue delay.

Second, the Court concludes Defendants would be unduly prejudiced by allowing another amendment. Plaintiffs seek to add seven defendants to the lawsuit which is equivalent to naming seven new parties to the case. *See Garret v. Fleming*, 362 F. 3d 692, 696 (10th Cir. 2004) (concluding that identifying "John Doe" defendants is equivalent to naming new parties). Plaintiffs also wish to add a new cause of action to Count I of the Complaint. (Doc. 113-1). Considering the age of the case and the difficulty locating the proposed newly named

Defendants, the Court concludes that allowing the proposed amendment would unduly prejudice the Defendants.

Because the Court denies Plaintiffs' Third Motion to Amend, it also denies Plaintiffs' Motion to Stay, (Doc. 118).

*IV.    Conclusion*

For the reasons discussed above, the Court denies Plaintiffs' Third Motion to Amend, (Doc. 113), and Motion to Stay, (Doc. 118).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE