IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL J.B. MONTOYA,

    Plaintiff,

v.                                                        Case No. 22-cv-265 KG/JHR

ALISHA TAFOYA LUCERO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Exceed Exhibit and Page Limit on Response to Motion for Summary Judgment of Gabriel Montoya, (Doc. 146), filed January 9, 2025. Defendants filed their Response, (Doc. 148), on January 13, 2025, and Plaintiff filed his Reply, (Doc. 152), on January 20, 2025. Also before the Court is Plaintiff's Motion to File a Surreply, (Doc. 158), filed March 6, 2025. Defendants filed their Response, (Doc. 159), on March 11, 2025. Plaintiff did not file a reply. Having considered the briefing, relevant case law, and the procedural history of the case, the Court denies both Motions and strikes Plaintiff's Response to Defendants' Motion for Summary Judgment on Claims of Gabriel Montoya from the record without prejudice.

    *I.*    *Background*

This case was filed in April 2022 by three Plaintiffs, all of whom had been inmates at the Reception, Diagnostic and Classification Unit (RDC) at Central New Mexico Correctional Facility (CNMCF) in June and July of 2021. (Doc. 88) at 2. The Complaint has been amended twice, and the current operative complaint is the Second Amended Complaint, (Doc. 88). One of the original Plaintiffs, Haydar al-Assadi, was dismissed for lack of prosecution after he disappeared and lost contact with counsel. (Docs. 43, 86). Recently, the claims brought by

Plaintiff Ares Brown were dismissed. (Doc. 160). Thus, the only remaining Plaintiff in this case is Gabriel Montoya. The Second Amended Complaint has two enumerated claims for relief: (1) Violation of Plaintiff's Eighth Amendment Rights; and (2) Violation of Plaintiff's to Be Free from Disability Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973. (Doc. 88) at 42–50.

On January 9, 2025, Plaintiff filed his Motion requesting leave to file a Response to Defendants' Motion for Summary Judgment that is 78 pages in length, 54 pages over the limit allowed by D.N.M.LR-Civ. 7.5, accompanied by 282 pages of un-highlighted exhibits, 232 pages over the limit allowed by D.N.M.LR-Civ. 10.5. (Doc. 146) at 1–2. On January 9, 2025, the same day and without leave of the Court, Plaintiff filed his 75-page Response with 282 pages of exhibits. (Doc. 145). Now, Plaintiff seeks leave to file a Surreply to "correct inaccurate facts and law cited in the reply by the defendants." (Doc. 158) at 1.

II.    Analysis

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation omitted). "[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* at 50. Further, "[t]he Court may, at its discretion, strike or ignore—in whole or in part—documents that do not comply with the local rules' page-length limitation." *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1181 (D.N.M. June 17, 2015). Thus, this Court has the

discretion to impose appropriate sanctions to achieve orderly and expeditious disposition of cases.

After reviewing Defendants' Motion for Summary Judgment, (Doc. 139), the Court finds no reason why Plaintiff needs an extra 54 pages to articulate a responsive argument. Further, the Court cautions Plaintiff's current use of exhibits and reminds him of D.N.M.LR-Civ. 10.6 which states "[t]he portions of an exhibit the party wishes to bring to the Court's attention must be marked." Thus, Plaintiff's Motion to Exceed Exhibit and Page Limits, (Doc. 146), is denied. Because Plaintiff's original request is denied, his Response to Defendants' Motion for Summary Judgment, (Doc. 145), is stricken from the record. As a result, Plaintiff's request to file a Surreply, (Doc. 158), is denied as moot.

Because the Court prefers to decide motions on the merits, the Court will allow Plaintiff to refile a Response to Defendants' Motion for Summary Judgment that adheres to *all* Local Rules within 14 days of this Order. Defendants will then be allowed another 14 days to file their Reply.

### III. Conclusion

For the reasons discussed above, Plaintiff's Motions, (Docs. 146, 158), are denied and Plaintiff's Response to Defendants' Motion for Summary Judgment, (Doc. 145), is stricken from the record. Plaintiff may refile his Response within 14 days or no later than April 23, 2025. Defendants have 14 days to file a Reply once a Response has been filed. No extensions will be permitted.[1]

IT IS SO ORDERED.

---

[1] This case has been littered with various extensions and requests to stay. *See generally* (Docs. 59, 81, 83, 118, 119, 132, 133, 143, 146, 154).

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.