IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GABRIEL J.B. MONTOYA,**

    Plaintiff,

v.   No. 1:22-cv-00265-KG-JHR

**NEW MEXICO CORRECTIONS DEPARTMENT,
and ALISHA TAFOYA LUCERO,
TIM HATCH, JANINE RODRIGUEZ,
BENJAMIN LUJAN, ISAIAH MONTANO,
and JOHN DOES I–VIII, in their individual
and official capacities,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND RESET PRETRIAL DEADLINES [DOC. 133].

THIS MATTER comes before the Court on Montoya's Amended Motion to Vacate and Reset Deadlines [Doc. 133].[1] Defendants filed a response [Doc. 137] and Montoya replied [Doc. 138]. The Court has reviewed the briefing, case record, and applicable law. The Court finds that the motion is not well-taken and **DENIES** the motion to extend the scheduling order's deadlines.

    **I.**    **PROCEDURAL BACKGROUND AND BRIEFING**

On April 8, 2022, incarcerated plaintiffs Montoya, Ares Brown, and Haydar Al-Assadi filed a complaint against Defendants alleging violations of their First, Fourth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and disability discrimination under the Rehabilitation Act of 1973. [Doc. 1]. Defendants filed their answer on May 31, 2022, and

---

[1] Montoya originally filed his Motion to Vacate Deadlines [Doc. 132] but filed an amended motion to add detail.

Magistrate Judge Jerry H. Ritter granted Plaintiffs' unopposed motion to amend their complaint. [Docs. 12 text only, 13]. The amended complaint reduced Plaintiffs' claims to alleging violation of their Eighth Amendment rights and disability discrimination against Brown. [Doc. 13, at 42–43]. Defendants filed their answer to the amended complaint on July 29, 2022. [Doc. 18]. Brown moved to consolidate the suit with four other cases, which presiding District Judge Kenneth J. Gonzales denied. [Doc. 33]. Judge Ritter entered a scheduling order on March 17, 2023. [Doc. 45]. The deadline for completing discovery was September 18, 2023, with pretrial motions due by November 6, 2023. *Id.* Judge Ritter also granted a stipulated protective order. [Doc. 52].

Montoya and Brown moved to extend the scheduling order deadlines. [Docs. 55, 59]. Before the Court ruled on the motions, Defendants moved to dismiss Al-Assadi, moved for summary judgment on Montoya's claim, and moved for a stay pending resolution of their qualified immunity defense. [Docs. 61, 76, 79]. Judge Ritter granted the motion to stay, and on January 25, 2024, Judge Gonzalez granted Plaintiffs' motions to extend the scheduling order deadlines and their new motion to file a second amended complaint. [Docs. 83, 87]. Judge Gonzales later granted dismissal of Al-Assadi and denied without prejudice Defendants' motion for summary judgment. [Docs. 86, 91].

Upon lifting the stay and after additional discovery motions, Judge Ritter entered a new scheduling order setting the close of discovery on October 30, 2024, and the deadline for pretrial motions on December 11, 2024. [Doc. 107]. Later, Montoya moved to file a third amended complaint, stay his deadline to file a motion to compel, and stay all case management deadlines pending the motion's resolution. [Docs. 113, 118, 119]. Judge Gonzales denied the motion to amend and the motion to stay the deadline for a motion to compel. [Doc. 130]. Judge Ritter subsequently found the remaining motion to stay moot. [Doc. 144 text only]. In the interim,

Montoya filed the instant motion to extend the scheduling order's deadlines. [Doc. 133]. Later, Defendants moved again for summary judgment on Brown's and Montoya's claims. [Docs. 139, 140]. Judge Gonzales granted summary judgment on Brown's claims after neither Brown nor Montoya opposed the motion. [Doc. 160]. The motion for summary judgment on Montoya's claim remains pending.

Montoya argues that extending discovery is necessary to allow him to collect medical records from new providers he has been seeing since late 2024. [Doc. 133, at 1–2]. Defendants respond that Montoya has not shown good cause for extension, arguing Montoya does not explain the relevance of his medical records nor why he needs discovery to obtain them. [Doc. 137, at 4–5]. Defendants also assert they would be prejudiced by the continued delay. *Id.* at 5. Montoya replies that he has pursued his medical care and records as diligently as possible in light of his incarceration and issues with insurance and addiction post-release. [Doc. 138, at 4]. Montoya argues that without an extension he could be "negated" from further care or offering medical opinions in support of his claim. *Id.* at 4–5.

## II. APPLICABLE LAW

Once a scheduling order's discovery deadlines are set, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In practice, "good cause" means the movant cannot meet the order's deadlines despite diligent efforts. *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Relevant factors include the movant's own efforts, the foreseeability of needing more time, the risk of unfairness to the movant if the deadlines are not extended, and the prejudice an extension would cause the non-movant. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). The burden falls on the movant to demonstrate good cause. *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022).

### III.   ANALYSIS

The Court finds that Montoya has failed to demonstrate good cause for an extension. Montoya represents that he requires an extension of discovery to obtain his medical records from recent treatment. [Doc. 133, at 2]. However, Montoya does not need discovery to obtain his own records or seek medical treatment. Montoya also argues that his treatment might lead to medical opinions relevant to his claim, without which his case would suffer undue prejudice. [Doc. 138, at 4]. The Court is not persuaded. Montoya has an ongoing duty to supplement discovery if his treatment records were not obtained sooner and reveal that prior disclosures are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A); *see Heaton v. Gonzales*, No. 21-cv-00463, 2022 WL 843892, at *11 (D.N.M. Mar. 22, 2022).

Furthermore, Montoya makes no showing of whether counsel attempted to obtain medical treatment or opinions for Montoya within the scheduling order's deadlines. *See Tesone*, 942 F.3d at 988 (inquiry is counsel's diligence in meeting scheduling order deadlines). Montoya only discusses what healthcare *he* could obtain given his struggles during and after incarceration. In fact, the motion admits that counsel did not know about Montoya's current treatment until Montoya was deposed. *Id.* at 989 (carelessness or failure to act promptly does not satisfy good cause). Thus, Montoya has failed to demonstrate good cause to extend the scheduling order's deadlines.

### IV.   CONCLUSION

Montoya's motion to extend the scheduling order's deadlines is **DENIED**. The current scheduling order [Doc. 107] remains in place.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge